IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEVEN DAVID,<br><br>  Plaintiff,<br><br>  v.<br><br>ACTIVISION BLIZZARD, INC., REVETA BOWERS, ROBERT CORTI, HENDRIK HARTONG III, BRIAN KELLY, BOBBY KOTICK, BARRY MEYER, ROBERT MORGADO, PETER NOLAN, DAWN OSTROFF, and CASEY WASSERMAN,<br><br>  Defendants. | Case No:<br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

Plaintiff Steven David ("Plaintiff"), by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and upon information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through Plaintiff's attorneys.

**NATURE OF THE ACTION**

1.  This is an action against Activision Blizzard, Inc. ("Activision" or the "Company") and its Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a) and 78t(a), and Rule 14a-9 promulgated thereunder by the SEC, 17 C.F.R. § 240.14a-9, in connection with the proposed acquisition (the "Proposed Transaction") of Activision by Microsoft Corp. ("Microsoft").

2.  On February 18, 2022, Defendants caused to be filed with the SEC a Preliminary Proxy Statement (the "Proxy Statement") pursuant to Section 14(a) of the Exchange Act in

connection with the Proposed Transaction.

3. The Proxy Statement, which recommends that Activision shareholders vote in favor of the Proposed Transaction, omits and/or misrepresents material information concerning: (i) Activision's financial projections; and (ii) the financial analyses performed by Activision's financial advisor, Allen & Company LLC ("Allen & Company"), in connection with its fairness opinion.

4. These material misrepresentations and omissions prevent the Company's shareholders from making a fully informed voting decision on the Proposed Transaction. Accordingly, the Company's shareholders will be irreparably harmed if these material misrepresentations and omissions are not remedied before the anticipated shareholder vote on the Proposed Transaction.

## JURISDICTION AND VENUE

5. The claims asserted herein arise under and pursuant to Sections 14(a) and 20(a) of the Exchange Act (15 U.S.C. §§ 78n(a) and 78t(a)) and Rule 14a-9 promulgated thereunder by the SEC (17 C.F.R. § 240.14a-9).

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, and Section 27 of the Exchange Act, 15 U.S.C. § 78aa.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)) as the alleged misstatements entered and the subsequent damages occurred in this District, a substantial portion of the transactions and wrongs complained of herein had an effect in this District, the Company transacts business in this District and/or the Company is incorporated in this District.

8. In connection with the acts, conduct and other wrongs alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

## **PARTIES**

9. Plaintiff is, and has been at all relevant times hereto, an owner of Activision common stock.

10. Defendant Activision, together with its subsidiaries, develops and publishes interactive entertainment content and services in the Americas, Europe, the Middle East, Africa, and the Asia Pacific. The Company is incorporated in Delaware. The Company's common stock trades on the NASDAQ under the ticker symbol, "ATVI."

11. Defendant Reveta Bowers ("Bowers") is a director of the Company.

12. Defendant Robert Corti ("Corti") is a director of the Company.

13. Defendant Hendrik Hartong III ("Hartong") is a director of the Company.

14. Defendant Brian Kelly ("Kelly") is Chairman of the Board of the Company.

15. Defendant Bobby Kotick ("Kotick") is Chief Executive Officer and a director of the Company.

16. Defendant Barry Meyer ("Meyer") is a director of the Company.

17. Defendant Robert Morgado ("Morgado") is a director of the Company.

18. Defendant Peter Nolan ("Nolan") is a director of the Company.

19. Defendant Dawn Ostroff ("Ostroff") is a director of the Company.

20. Defendant Casey Wasserman ("Wasserman") is a director of the Company.

21. Defendants Bowers, Corti, Hartong, Kelly, Kotick, Meyer, Morgado, Nolan, Ostroff, and Wasserman are collectively referred to herein as the "Individual Defendants."

22. Defendants Activision and the Individual Defendants are collectively referred to herein as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### A. The Proposed Transaction

23. On January 18, 2022, Activision and Microsoft announced that Microsoft would acquire Activision for $95.00 per share, in an all-cash transaction. The press release announcing the Proposed Transaction states, in pertinent part:

> **Microsoft to acquire Activision Blizzard to bring the joy and community of gaming to everyone, across every device**
>
> NEWS PROVIDED BY
> **Microsoft Corp.**
> Jan 18, 2022, 08:28 ET
>
> *Legendary games, immersive interactive entertainment and publishing expertise accelerate growth in Microsoft's Gaming business across mobile, PC, console and cloud.*
>
> REDMOND, Wash. and SANTA MONICA, Calif., Jan. 18, 2022 /PRNewswire/ -- With three billion people actively playing games today, and fueled by a new generation steeped in the joys of interactive entertainment, gaming is now the largest and fastest-growing form of entertainment. Today, Microsoft Corp. (Nasdaq: MSFT) announced plans to acquire Activision Blizzard Inc. (Nasdaq: ATVI), a leader in game development and interactive entertainment content publisher. This acquisition will accelerate the growth in Microsoft's gaming business across mobile, PC, console and cloud and will provide building blocks for the metaverse.
>
> Microsoft will acquire Activision Blizzard for $95.00 per share, in an all-cash transaction valued at $68.7 billion, inclusive of Activision Blizzard's net cash. When the transaction closes, Microsoft will become the world's third-largest gaming company by revenue, behind Tencent and Sony. The planned acquisition includes iconic franchises from the Activision, Blizzard and King studios like "Warcraft," "Diablo," "Overwatch," "Call of Duty" and "Candy Crush," in addition

to global eSports activities through Major League Gaming. The company has studios around the world with nearly 10,000 employees.

Bobby Kotick will continue to serve as CEO of Activision Blizzard, and he and his team will maintain their focus on driving efforts to further strengthen the company's culture and accelerate business growth. Once the deal closes, the Activision Blizzard business will report to Phil Spencer, CEO, Microsoft Gaming.

\*   \*   \*

The transaction is subject to customary closing conditions and completion of regulatory review and Activision Blizzard's shareholder approval. The deal is expected to close in fiscal year 2023 and will be accretive to non-GAAP earnings per share upon close. The transaction has been approved by the boards of directors of both Microsoft and Activision Blizzard.

**Advisors**
Goldman Sachs & Co. LLC is serving as financial advisor to Microsoft and Simpson Thacher & Bartlett LLP is serving as legal counsel. Allen & Company LLC is acting as financial advisor to Activision Blizzard and Skadden, Arps, Slate, Meagher & Flom LLP is serving as legal counsel.

\*   \*   \*

**About Microsoft**
Microsoft (Nasdaq "MSFT" @microsoft) enables digital transformation for the era of an intelligent cloud and an intelligent edge. Its mission is to empower every person and every organization on the planet to achieve more.

**About Activision Blizzard**
Our mission, to connect and engage the world through epic entertainment has never been more important. Through communities rooted in our video game franchises we enable hundreds of millions of people to experience joy, thrill and achievement. We enable social connections through the lens of fun, and we foster purpose and meaning through competitive gaming. Video games, unlike any other social or entertainment media, have the ability to break down barriers that can inhibit tolerance and understanding. Celebrating differences is at the core of our culture and ensures we can create games for players of diverse backgrounds in the 190 countries our games are played.

As a member of the Fortune 500 and as a component company of the S&P 500, we have an extraordinary track record of delivering superior shareholder returns for over 30 years. Our sustained success has enabled the company to support corporate social responsibility initiatives that are directly tied to our franchises. As an example, our Call of Duty Endowment has helped find employment for over 90,000 veterans.

### B. The Proxy Statement Contains Materially False and Misleading Statements and Omissions

24. The Proxy Statement omits and/or misrepresents material information concerning: (i) Activision's financial projections; and (ii) the financial analyses performed by Allen & Company in connection with its fairness opinion.

25. As a result of the omission of the material information (referenced below), the following sections of the Proxy Statement are false and misleading, among others: (i) Recommendation of Our Board of Directors and Reasons for the Merger; (ii) Financial Forecasts; and (iii) Opinion of Activision Blizzard's Financial Advisor.

26. Unless and until the material misstatements and omissions (referenced below) are remedied before the anticipated shareholder vote on the Proposed Transaction, Activision shareholders will be forced to make a voting decision on the Proposed Transaction without full disclosure of all material information. In the event the Proposed Transaction is consummated, Plaintiff may seek to recover damages resulting from Defendants' misconduct.

#### 1. Material Omissions of Activision's Financial Projections

27. The Proxy Statement omits material information of Activision's financial projections.

28. The Proxy Statement fails to disclose the following concerning Activision's financial projections,: (1) all line items underlying each set of Activision's financial projections; (2) the net income projections of Activision; (3) the risk assessments and individual assumptions underlying each set of Activision's financial projections, including the quantifications thereof; and (4) a reconciliation of all non-GAAP to GAAP metrics.

29. The disclosure of this information is material because it would provide the Company's shareholders with a basis to project the future financial performance of Activision and

would allow shareholders to better understand the financial analyses performed by the Company's financial advisor in support of its fairness opinion. Shareholders cannot hope to replicate management's inside view of the future prospects of the Company. Without such information, which is uniquely possessed by Defendant(s) and the Company's financial advisor, the Company's shareholders are unable to determine how much weight, if any, to place on the Company's financial advisor's fairness opinion in determining whether to vote for or against the Proposed Transaction.

30. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's shareholders.

### 2. Material Omissions of Allen & Company's Analyses

31. In connection with the Proposed Transaction, the Proxy Statement omits material information of analyses performed by Allen & Company.

32. The Proxy Statement fails to disclose the individual multiples and financial metrics of each company and transaction Allen & Company observed in its "*Selected Public Companies Analysis*" and "*Selected Precedent Transactions Analysis*."

33. With respect to Allen & Company's "*Discounted Cash Flow Analysis*," the Proxy Statement fails to disclose: (1) the terminal values of the Company; and (2) the individual inputs and assumptions underlying the (i) range of perpetuity growth rates of 2.25% to 2.75%, and (ii) range of discount rates of 6.50% to 8.00%.

34. The Proxy Statement fails to disclose the following concerning Allen & Company's analysis of Wall Street research analysts' forward stock price targets for Activision common stock: (1) the individual price targets observed by Allen & Company in its analysis; and (2) the sources thereof.

35. The valuation methods, underlying assumptions, and key inputs used by Allen & Company in rendering its purported fairness opinion must be fairly disclosed to the

7

Company's shareholders. The description of Allen & Company's fairness opinion and analyses, however, fails to include key inputs and assumptions underlying those analyses.

36. Without the information described above, the Company's shareholders are unable to fully understand Allen & Company's fairness opinion and analyses, and are thus unable to determine how much weight, if any, to place on them in determining whether to vote for or against the Proposed Transaction.

37. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's shareholders.

## COUNT I
### For Violations of Section 14(a) and Rule 14a-9 Promulgated Thereunder
### Against All Defendants

38. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

39. During the relevant period, Defendants, individually and in concert, directly or indirectly, disseminated or approved the false and misleading Proxy Statement specified above, which failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder by the SEC.

40. Each of the Individual Defendants, by virtue of his/her positions within the Company as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a) of the Exchange Act. Defendants, by use of the mails and means and instrumentalities of interstate commerce, solicited and/or permitted the use of their names to file and disseminate the Proxy Statement with respect to the Proposed Transaction. The Defendants were, at minimum, negligent in filing the materially false and misleading Proxy Statement.

41. The false and misleading statements and omissions in the Proxy Statement are material in that a reasonable shareholder would consider them important in deciding how to vote on the Proposed Transaction.

42. By reason of the foregoing, Defendants have violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

43. Because of the false and misleading statements and omissions in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II
### Violations of Section 20(a) of the Exchange Act
### Against the Individual Defendants

44. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

45. The Individual Defendants acted as control persons of the Company within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their senior positions as officers and/or directors of the Company and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement filed with the SEC, they had the power to and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the false and misleading Proxy Statement.

46. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected. As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information

with respect to the Proxy Statement, and to correct promptly any public statements issued by the Company which were or had become materially false or misleading.

47. In particular, each of the Individual Defendants had direct and supervisory involvement in the operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Individual Defendants were provided with or had unlimited access to copies of the Proxy Statement and had the ability to prevent the issuance of the statements or to cause the statements to be corrected. The Proxy Statement at issue contains the recommendation of the Individual Defendants to approve the Proposed Transaction. Thus, the Individual Defendants were directly involved in the making of the Proxy Statement.

48. In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Proposed Transaction. The Proxy Statement purports to describe the various issues and information that they reviewed and considered—descriptions which had input from the Individual Defendants.

49. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

50. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9 promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Defendants' conduct, the Company's shareholders will be irreparably harmed.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

A.      Preliminarily and permanently enjoining Defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until Defendants disclose and disseminate the material information identified above to Company shareholders;

B.      In the event Defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.      Declaring that Defendants violated Sections 14(a) and 20(a) of the Exchange Act, and Rule 14a-9 promulgated thereunder;

D.      Awarding Plaintiff reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

E.      Granting such other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

Dated: March 17, 2022                                         Respectfully submitted,

                                                              **FARNAN LLP**

                                                              /s/ Michael J. Farnan
                                                              Brian E. Farnan (Bar No. 4089)
                                                              Michael J. Farnan (Bar No. 5165)
                                                              919 N. Market Street, 12th Floor
                                                              Wilmington DE 19801
                                                              Telephone: (302) 777-0300
                                                              Facsimile: (302) 777-0301
                                                              bfarnan@farnanlaw.com
                                                              mfarnan@farnanlaw.com
                                                              *Counsel for Plaintiff*